STATE of Indiana: Department of Revenue of the State of Indiana: Donald Clark, as Commissioner of Revenue Department of Revenue, State of Indiana, Appellants (Defendants-Below),

v.

INDIANA–KENTUCKY ELECTRIC CORPORATION, Appellee (Plaintiff-Below).

No. 1–1081A312.

Court of Appeals of Indiana, First District.

Aug. 9, 1982.

Linley E. Pearson, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for appellants.

Milford M. Miller, Jr., Grant F. Shipley, Livingston, Dildine, Haynie & Yoder, Fort Wayne, Eugene L. Cooper, Cooper, Cox, Jacobs & Reed, Madison, for appellee.

## ON PETITION FOR REHEARING

ROBERTSON, Judge.

The Indiana Department of Revenue (Department) petitions for rehearing of (Ind. App.) 436 N.E.2d 352 which affirmed the trial court's judgment in favor of the Indiana-Kentucky Electric Corporation (IKEC) in an action seeking a refund of sales and use tax. Due to the ambiguous nature of the judgment entry and the absence of a cogent statement of facts and issues presented for review, we misinterpreted both the facts and issues in the prior opinion. Rehearing is hereby granted and the portions of that opinion which discuss Ind. Code 6–2–1–38(c) and Ind.Code 6–2–1–39(b)(16) are to be disregarded and this opinion substituted.

The prior opinion discussed the applicability of the sales tax to sales of electricity from one public utility to another utility. The opinion failed to discuss the applicability of the use tax to purchases of tangible personal property by IKEC. The use tax is imposed pursuant to Ind.Code 6–2–1–41 [1] on the storage, use, or consumption of tangible personal property. The tax, however, is not imposed if the transaction is subject to sales tax. Ind.Code 6–2–1–43.

The facts disclose that the Department audited IKEC and discovered that sales tax had not been paid on certain purchases. The Department imposed use tax on the purchases. IKEC contested the Department's assessment and initiated this suit for refund. The trial court granted IKEC's motion for summary judgment because IKEC was a public utility as described in IC 6–2–1–38(c) and therefore, entitled to the exemption contained in IC 6–2–1–39(b)(16).

The trial court further held that the purchases of tangible personal property were also exempt pursuant to Ind.Code 6–2–1–39(b)(6). The trial court also awarded costs and interest to IKEC.

The Department alleges that the trial court erred in determining that the purchases were exempt from use tax. IKEC argues that the trial court correctly applied the exemption contained in IC 6–2–1–39(b)(16). This section provides:

(b) Nor shall the state gross retail tax apply to any of the following transactions:

(16) Sales to those utilities described in subsection (c) of section 38 [6–2–1–38] of this chapter which furnish or sell electrical energy or steam or steam heating service of tangible personal property to be directly used by such utilities in the direct production of electrical energy or steam or steam heating service. The term "direct use in direct production" as used in this clause shall mean and apply to tangible personal property constituting production plant and power production expenses as classified pursuant to the Uniform Systems of Accounts as adopted and prescribed by the Public Service Commission of Indiana and in effect as of January 1, 1974.

The Department asserts that in order for IKEC to qualify for the exemption contained in IC 6–2–1–39(b)(16), IKEC must be a public utility as described in IC 6–2–1–38(c). This interpretation is consistent with the plain meaning of IC 6–2–1–39(b)(16). The Department argues that IKEC cannot qualify for this exemption because IKEC is not a public utility as described in IC 6–2–1–38(c). The Department argues that the exemption is limited to only those utilities which furnish or sell electricity directly to "consumers for domestic or commercial consumption." Since IKEC admits it does not sell electricity directly to consumers, but only to other utilities and the federal

1. All statutory citations in this opinion refer to the Indiana Code sections for the 1973–1974 tax years, the years subject to the tax refund suit.

government, the Department contends that IKEC is not entitled to the exemption and that the purchases[2] are subject to use tax.

■ The Department has misinterpreted IC 6–2–1–38(c). This section provides:

(c) Every person engaged as a public utility in furnishing or selling electrical energy, natural or artificial gas or mixtures thereof, water, or steam or steam heating service to consumers for domestic or commercial consumption shall be and constitute a retail merchant in respect thereto, and the gross income received therefrom, except that part thereof received from sales to consumers for use in manufacturing, mining, production, refining, oil or mineral extraction and irrigation or to other public utility companies described in subsections (c), (d) and (e) of this section and except receipts from the provision, installation, construction, servicing or removal of tangible personal property used in connection with the furnishing of any such public utility service or commodity, shall constitute gross income of a retail merchant received from selling at retail: Provided, That the furnishings of any such utility service or commodity for such excepted commercial or industrial uses not separately metered for such uses shall in its entirety constitute selling at retail unless such service or commodity is predominantly used for one [1] or more of said excepted uses, in which event it shall be deemed to be wholly used for such excepted uses.

We believe that the language "to consumers for domestic or commercial consumption" establishes when a public utility, which is engaged in the transmission of the enumerated forms of energy, is to be characterized as a retail merchant. This section then provides how the income received from the provision of these services is to be treated for tax purposes. As it was noted in the previous opinion, in construing legislation this court must reasonably interpret the statutory language to discover the legislative intent. *Thompson v. Thompson*, (1972) 259 Ind. 266, 286 N.E.2d 657. The legislature has demonstrated its ability to construct narrow statutory parameters to sales and use tax exemption statutes when it adopted the "double direct" standard. *See, Indiana Department of State Revenue v. RCA*, (1974) 160 Ind.App. 55, 310 N.E.2d 96. The use of the word "furnish" in both IC 6–2–1–38(c) and IC 6–2–1–39(b)(16) evidences an intent by legislature to include activities by utilities other than direct sales to consumers. Furthermore, IC 6–2–1–38(c) has no language to require direct sales to consumers. Although the exemption of IC 6–2–1–39(b)(16) is limited to those purchases which are "directly used by such utilities in the direct production of electrical energy", the legislature established clear guidelines to interpret this phrase. As was noted in the prior opinion, the Department's position is also inconsistent with the regulation which defines a public utility, 45 IAC 2–2–7.

■ The trial court also ruled that IKEC was entitled to an exemption pursuant to IC 6–2–1–39(b)(6) and held that those purchases which are classified as power plant and power production expenses are entitled to an exemption pursuant to this subsection. Although this ruling by the trial court was surplusage, we will discuss this section in order to avoid the confusion which may arise as a result of these two opinions. IC 6–2–1–39(b)(6), in relevant part, provides:

(b) Nor shall the state gross retail tax apply to any of the following transactions:

(6) Sales of *manufacturing machinery, tools, and equipment* to be directly used by the purchaser in the direct production, manufacture, fabrication, assembly, extraction, mining, refining, or finishing of tangible personal property . . . (Emphasis added.)

**2.** It must be noted that the Department has failed to describe the type of property which was purchased. Since there is no question regarding the nature of the personal property, this court must assume the property was properly classified as production plant and power production expenses pursuant to the Uniform System of Accounts.

In order for IKEC to qualify for this exemption, it must show that the purchases constituted manufacturing, machinery, tools, and equipment which were directly used in direct production of electricity and that electricity constitutes tangible personal property. Although there was no ruling to this effect and the trial court misinterpreted this section, any error was harmless due to the trial court's proper holding on IC 6–2–1–39(b)(16).

To summarize this opinion, the trial court correctly determined that IKEC was not subject to use tax pursuant to IC 6–2–1–39(b)(16). Neither IKEC nor the Department has challenged the holdings in the prior opinion that the trial court miscalculated the interest and that the trial court properly assessed costs against the Department. The trial court's opinion is thus affirmed, however, the trial court miscalculated the interest and the case is remanded for proper calculation of interest.

The judgment is affirmed and remanded for the proper assessment of interest.

RATLIFF, P. J., and NEAL, J., concur.